UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CLAYTON BAXTER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv0769 AS |
| | ) | |
| **JOHN R. VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about December 14, 2004, *pro se* petitioner, Clayton Baxter, an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 19, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through G, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding which included a deprivation of 30 days of earned credit time which barely implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). He was also sanctioned for a payment of $1.25 for a piece of cheese slice. That sanction does not implicate *Wolff*. *See Sandin v. Conner*, 515 U.S. 472 (1995). The

proceedings which were had in August 2004 are designated as MCF 04-08-0059, and this petitioner was found guilty of unauthorized possession, destruction, alteration, damage to or theft of state property or property belonging to another.  Since *Wolff* is implicated, the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

An inmate may challenge in federal court whether a conviction was supported by some evidence only when he has raised that issue in all available administrative appeals. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), and *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).  As indicated above, the evidence is sufficient here.  *See Hays v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997).  There seems to be some effort to make an argument here under *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984).  The record simply does not show the kind of involvement referred to in *Redding*.

When it is all said and done, there is simply no basis for relief shown by this

petitioner in this case under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

DATED:  June 24, 2005

                                                S/ ALLEN SHARP  
                                                **ALLEN SHARP, JUDGE**  
                                                **UNITED STATES DISTRICT COURT**